IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGEL LUCAS, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:25-CV-237<br>JUDGE WALTER H. RICE |
| CORRECTIONAL OFFICER LIGGINS, | | |
| Defendant. | : | |

---

ENTRY SUSTAINING DEFENDANT'S MOTION TO STRIKE (DOC. #53); SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #44); OVERRULING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #52); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This case is before the Court on two motions filed by Defendant Correctional Officer Liggins ("Defendant"). The first is a Motion for Summary Judgment, filed May 1, 2026. Doc. #44. Plaintiff Angel Lucas ("Plaintiff") filed a response in opposition to the motion, Doc. #47, and Defendant filed a reply in support of her motion. Doc. 48. Plaintiff subsequently filed a sur-reply without seeking leave of Court, Doc. #51, and Defendant filed a Motion to Strike the unauthorized sur-reply. Doc. #53. Because Plaintiff has not filed a response to the Motion to Strike, and because the time to file such a response has elapsed, the Court finds that she has waived her right to respond.

For the reasons set forth herein, Defendant's Motion to Strike, Doc. #53, is SUSTAINED and Defendant's Motion for Summary Judgement, Doc. #44, is SUSTAINED.

## I. Legal Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal*

*Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, a court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

## II. Background

Plaintiff is currently incarcerated at Dayton Correctional Institution, where Defendant works as a correctional officer. On March 20, 2025, Plaintiff was involved in an alteration with another inmate, IP Robinson. The fight was captured on video by both a wall-mounted camera unit and by several body worn camera units, one of which was worn by Defendant. By all accounts, IP Robinson threw the first punch and Plaintiff only fought back in response to IP Robinson's actions. When the fight began, Defendant was on duty but occupied on the telephone with a separate discussion. Once the fight broke out, another correctional officer, Officer Washington, was the first to intervene. Defendant was the second officer to respond to the fight, approximately 15 seconds after Plaintiff stood up from the table to confront her attacker.

Eventually, the responding officers were able to separate Plaintiff and IP Robinson. For her part in the fight, Plaintiff was issued a conduct report by Officer Washington, which was heard on March 28, 2025. She pled guilty to the conduct

report. Plaintiff received a separate misconduct report on June 25, 2025.[1] This report was the subject of a June 27, 2025, hearing, in which she was found guilty of the alleged misconduct.

Plaintiff filed this case initially on June 3, 2025. However, because she is a *pro se* litigant seeking to proceed *in forma pauperis*, her case underwent a preliminary review under 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This preliminary review was completed on July 30, 2025, and the Summons was issued for Defendant that same day.

During the preliminary review, United States Magistrate Judge Karen L. Litkovitz recommended dismissal of several claims. The undersigned considered the recommendation of the Magistrate Judge and dismissed all claims except for three: (1) failure to protect, in relation to the March 2025 incident, in violation of the Eighth Amendment; (2) a false conduct report and due process claims relating to the June 2025 report, in violation of the Fourteenth Amendment; and (3) a retaliation claim against Defendant for actions taken after Plaintiff filed this suit. Doc. #18, 28.

---

[1] Plaintiff's Amended Complaint alleges that the report was issued "On or around 06-27-2025." Doc. #19, PageID #122. From the review of the evidence submitted by the parties, the Court believes she is referring to the misconduct report issued on June 25, 2025.

## III. Analysis

### A. Motion to Strike

Once a motion is filed, the briefing schedule outlined in Southern District of Ohio Local Rule 7.2(a)(2) states which briefs may be filed and when each brief is due. It states:

> **Opposing and Reply Memoranda.** Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees. Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.

S.D. Ohio Civ. R. 7.2(a)(2) (emphasis added). Unauthorized memoranda, filed without leave of court, are routinely struck by the Court. *Wood v. Reynolds*, No. 3:22-cv-351, 2025 WL 2550515, *8 (S.D. Ohio Sept. 3, 2025) (Rice, J.). Although Plaintiff is proceeding *pro se*, and entitled to additional latitude in some respects, she still must comply with the Federal Rules of Civil Procedure and the Local Rules. *See Whitman v. DeWine*, No. 2:23-cv-3233, 2025 WL 332677 (S.D. Ohio Jan. 29, 2025) (Morrison, C.J.). Considering this principal and in light of the fact that Plaintiff waived any response in opposition to the Motion to Strike, the motion is well taken. Defendant's Motion to Strike, Doc. #53, is SUSTAINED. Doc. #51 is hereby ordered

STRICKEN and will not be considered in connection with Defendant's Motion for Summary Judgment.

### B. Motion for Summary Judgment

Qualified immunity protects a government official from suit where her "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *MacIntosh v. Clous*, 69 F.4th 309, 315 (6th Cir. 2023). A determination of qualified immunity has two considerations: "(1) whether the facts alleged support a violation of the plaintiff's constitutional rights, and (2) if they do, whether that right was clearly established at the time of the defendant's alleged misconduct." *Barton v. Neeley*, 114 F.4th 581, 587–88 (6th Cir. 2024). The Court begins by analyzing whether the Defendant's actions here amounted to a violation of Plaintiff's constitutional rights.

#### *1. Failure to Protect Claim*

Plaintiff has alleged that Defendant failed to intervene in a timely manner on March 20, 2025, and therefore, Defendant failed to protect her in violation of her Eighth Amendment rights. Under Sixth Circuit precedent:

> To establish a constitutional violation based on failure to protect, a plaintiff also must show that prison officials acted with "deliberate indifference" to inmate health or safety. An official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."

*Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Corrections officials do not have a constitutional duty under the Eighth Amendment to stop every assault before it begins or even while it is in progress. *Patmon v. Parker*, 3 F. App'x 337 (6th Cir. 2001).

In defense of this claim's viability, Plaintiff offers the following: "Defendant Liggins failed to intervene during the escalating confrontation and remained seated while the altercation progressed until another officer entered the cafeteria area to intervene." Doc. #47, PageID #483.

Although the summary judgement standard requires the Court to view the evidence in the light most favorable to the non-movant, the Court is not required to turn a blind eye to video evidence submitted in support of Defendant's motion. The Court, therefore, interprets the facts based on its review of the video, drawing any permissible inferences in favor of Plaintiff.

According to the timestamp on the wall-mounted security camera, IP Robinson entered the dining room at 8:22:54 AM. She walked directly to the table at which Plaintiff was seated and, at 8:23:04, Plaintiff turned her head and was evidently speaking with IP Robinson. At 8:23:24, Plaintiff stood up from her seat. IP Robinson punched Plaintiff in the side of the head at 8:23:26. At 8:23:27, Defendant, who was seated and speaking on the phone, turned her head and noticed the altercation. At 8:23:28, Defendant turned her head further and saw Officer

Washington approaching to break up the incident. Defendant hangs up the telephone at 8:23:31. She then watches as Officer Washington continues approaching the altercation and, at 8:31:37, he turns his head back to Defendant and she begins approaching the fight as well. By 8:31:45, Defendant is next to the fight and she, along with fellow officers, begins attempting to separate the two inmates. During a majority of the time the fight lasted, Plaintiff and IP Robinson grappled on the ground with Plaintiff on top.

Given the short time which elapsed from the beginning of the fight to Defendant's arrival at the altercation and the circumstances of the fight itself, no jury could reasonably conclude that Defendant exercised deliberate indifference regarding Plaintiff's safety. Therefore, the Court concludes that there was no constitutional violation of Plaintiff's Eighth Amendment rights.[2]

### *2. False Conduct Report*

Plaintiff's second claim relates to her allegation that Defendant falsified information to harass and punish her in a way that could increase her length of confinement in violation of the Fourteenth Amendment. Specifically, the claim stems from her June 25, 2025, misconduct report. However, Plaintiff has not

---

[2] Even if there had been a constitutional violation, Plaintiff points to no case law demonstrating that Defendant's actions were clearly unconstitutional and, resultingly, Defendant would be entitled to qualified immunity.

provided a basis from which a reasonable jury could conclude that a false report was filed. After Defendant filed the June 25 report, Plaintiff was given an opportunity to refute its veracity. She was found to be guilty of the infraction on June 27. Despite this, Plaintiff argues that she was not permitted to present evidence at that hearing which would have supported her claim that the report was false. However, this case is not brought against the tribunal which determined that she had committed the infraction; it is brought against the officer who reported the infraction. Any irregularities which may or may not have occurred in the adjudication phase are not traceable to the reporting officer. Therefore, the Court finds no basis from which Plaintiff may proceed against Defendant on a claim under the Fourteenth Amendment.

***3. Retaliation***

Plaintiff's final claim is brought as a retaliation claim against Defendant alleging that she retaliated against Plaintiff for filing grievances in violation of the First Amendment.

> A plaintiff, in order to succeed on a First Amendment retaliation claim, must demonstrate the following: (1) that she was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

*Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006).

This claim must be dismissed because Plaintiff has failed to outline any retaliatory behavior exhibited by Defendant. The only potentially retaliatory actions Plaintiff alleges are Defendant's filing of the June 25 misconduct report and the creation of an unsafe environment as demonstrated by Defendant's complicity in the March 20 fight. Both have been considered in this Decision and dismissed. In other words, because no reasonable jury could find that Defendant engaged in behavior constituting a failure to protect Plaintiff (*see* Section III.B.1, *supra*), and because no reasonable jury could find that Defendant filed a false conduct report against Plaintiff (*see* Section III.B.2, *supra*), no reasonable jury could find that Defendant took any retaliatory action against Plaintiff. Without any retaliatory action on the part of Defendant, Plaintiff's claim necessarily fails.

Moreover, Plaintiff's claim would independently fail for lack of causation. Defendant became aware of this lawsuit only after both the March 20 fight and the June 25 misconduct report. It would be impossible, therefore, for her to have filed the misconduct report in response to this lawsuit when she was unaware of its existence.

In summary, none of Plaintiff's remaining claims present a genuine issue of material fact upon which Plaintiff would be able to base a viable claim. As such, Defendant's Motion for Summary Judgment is well-taken and all remaining claims are dismissed.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Strike, Doc. #53, is SUSTAINED; Defendant's Motion for Summary Judgment, Doc. #44, is SUSTAINED. Plaintiff's Motion for Reconsideration, Doc. #52, pertaining to the Magistrate Judge's denial of her request for certain discovery items is mooted by the above rulings and is, therefore, OVERRULED AS MOOT.

Judgment is to be entered in favor of Defendant and against Plaintiff.

The above captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 18, 2026

Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE